**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANGELA ROBERTS,

Plaintiff,

- against -

UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., CLEAR EDGE TITLE INC., ABC INC 1 – 10, AND JOHN DOE 1-10,

Defendants.

Case No.: 1:24-cv-1374

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Unlock Partnership Solutions AOI, Inc. ("Unlock"), while fully reserving their right to object to service, jurisdiction, and venue, and without waiving any of their other defenses or objections, remove the civil action styled *Angela Roberts v. Unlock Partnership Solutions AOI, Inc., Clear Edge Title Inc., ABC Inc. 1 – 10, and John Doe 1 - 10,* Docket BUR-L-000072-24 (the "State Court Action"), which was originally filed in the Superior Court of the State of New Jersey, Burlington County Law Division on behalf of Plaintiff Angela Roberts ("Plaintiff") to this Court. The specific grounds for removal are as follows:

**BACKGROUND**

1. Plaintiff filed a Complaint in the State Court Action naming the following defendants:

a. Unlock Partnership Solutions AOI, Inc.;

b. Clear Edge Title, Inc.;

c. ABC INC 1 – 10

d. JOHN DOE 1 - 10

A copy of the electronic docket is annexed hereto as Exhibit A. A copy of the filed Complaint and Jury Demand ("The Complaint") is attached hereto as Exhibit B. Copies of the Affidavits of Service are attached hereto as Exhibit C. The Answer of co-defendant Clear Edge Title Inc., is attached hereto as Exhibit D.

2. The Complaint asserts federal claims against defendants, including Unlock, for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*.

3. All defendants which have properly served and joined at the time of this Notice of Removal have consented or will consent to removal to this Court within the time allowed for consent.

**TIMELINESS OF NOTICE OF REMOVAL**

4. On January 11, 2024, Plaintiff filed her Complaint.

5. Unlock first became aware of the Complaint and the contents thereof of on February 19, 2024.

6. Unlock acknowledges that there is a filed Affidavit of Service indicating that Unlock was served on February 2, 2024; however, Unlock has not obtained the alleged service copy of the Complaint.

7. As this Notice of Removal is being filed within 30 days of Unlock having allegedly been served, and within 30 days of Unlock becoming aware of the actual contents of the Complaint, this Notice is timely under 28 U.S.C. § 1446(b)(1).

**FEDERAL JURISDICTION**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To authorize the exercise of federal question jurisdiction, the existence of a federal question must appear on the face of the complaint. *See Phillips Pet. Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("a civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law.").

10. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq. *Ex. A*, Count 1.

## SUPPLEMENTAL JURISDICTION

11. In addition to federal question jurisdiction under Section 1331, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction over such claims exists when the state law claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." *United Mine Works of America v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiff's state law claims are based on the same set of operative facts that form the basis for Plaintiff's federal claim. Therefore, Plaintiff's state law claims are part of the same case or controversy. *See Id.*

## V. ADDITIONAL REQUIREMENTS

12. Venue for this removal is proper in the U.S. District Court for the District of New Jersey because this District includes Burlington County, the location of the pending State Court Action. *See* 28 U.S.C. § 1441(a)..

13. Unlock reserves the right to amend or supplement this Notice of Removal.

14. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Unlock respectfully requests the opportunity to submit additional arguments or evidence in support of removal as may be necessary.

## VENUE

15. Under 28 U.S.C. § 1441(a), the State Court Action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is proper in the United States District Court for the District of New Jersey, because this is the district embracing Superior Court of the State of New Jersey – Burlington County – the location of the pending state court action.

## PROCEDURAL COMPLIANCE

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record through this date are attached hereto as Exhibits A - D.

17. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Unlok will send written notice and a copy of the Notice of Removal to Plaintiff Counsel and will file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, Burlington County under the assigned Docket Number 000072-24.

**WHEREFORE**, Unlock requests that this Notice of Removal be deemed good and sufficient, that Plaintiff's Complaint be removed from the Superior Court of the State of New Jersey, Burlington County to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and, thereupon, proceed with this civil action as if it had originally been commenced in this Court.

Dated: March 4, 2024
New York, New York

**McGLINCHEY STAFFORD, PLLC**

By: *___/s/ Jason R. Lipkin, Esq..____*

Jason Lipkin, Esq.
112 West 34th Street, Suite 1515
New York, New York 10120
Tel: 646-362-4048
jlipkin@mcglinchey.com
*Counsel for Unlock*