# EXHIBIT B

**THE LAW OFFICE OF EDWARD HANRATTY**
EDWARD HANRATTY, ESQ. (052151997)
57 WEST MAIN STREET, SUITE 2D
FREEHOLD, NJ 07728
TEL:(732) 866-6655
**ATTORNEY FOR PLAINTIFF, ANGELA ROBERTS**

| | |
|---|---|
| ANGELA ROBERTS<br><br>**PLAINTIFF(S),**<br><br>-AGAINST-<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI INC.; CLEAR EDGE TITLE INC.; ABC INC. 1-10, AND JOHN DOE 1-10<br><br>**DEFENDANT(S).** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BURLINGTON COUNTY<br>DOCKET NO.: BUR-L-___________________<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Angela Roberts ("Plaintiff"), by counsel, Edward Hanratty, Esq. bring this complaint against Unlock Partnership Solutions AOI, Inc. ("Unlock"); Clear Edge Title, Inc. ("Clear Edge"); ABC Inc. 1-10, and John Doe 1-10; collectively as ("Defendants"), hereby states as follows:

## PARTIES

1. At all relevant rime, Plaintiff, Angela Roberts ("Plaintiff") is the owner of and resident in real property located in Willingboro, New Jersey.
2. Upon information and belief, Defendant, Unlock Partnership Solutions AOI Inc., is a Delaware corporation located at 548 Market St., Suite 31036, San Francisco, CA, 94104.
3. Upon information and belief, Defendant, Clear Edge Title Inc., is a Florida corporation located at 2605 Enterprise Road East, Suite 270, Clearwater, Florida 33750.
4. John Does 1-10 and ABC Inc. 1-10 are fictitious persons or entities that discovery may reveal as having liability in this matter.

## JURISDICTION & VENUE

1. Jurisdiction and venue over this matter is proper in the New Jersey Superior Court, Burlington County, in that all actions complained of occurred in Burlington County, New Jersey, and Plaintiff is and was a New Jersey resident.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

1. Plaintiff Angela Roberts has owned the property located at 48 Buckeye Lane, Willingboro, NJ 08046 (the "Property") since 2015 which has a present value of $343,600.
2. In 2016, Plaintiff had no mortgage.
3. Plaintiff was unable to pay her property taxes.
4. As a result, Christiana Trust as Custodian GSRAN-Z, LLC purchased the Tax Sale Certificate against the Property, and after the prescribed period of paying taxes pursuant to the statute, commenced a foreclosure proceeding (F-4648-21) an established a redemption value for the tax certificate of $54,062.67.
5. While the tax certificate foreclosure was pending, in an effort to save her home, Plaintiff and Defendant, Unlock Partnership Solutions AO1 Inc. ("Unlock") entered into a series of transactions which she thought would raise the money to save her home.
6. Plaintiff sold an "undivided fee simple ownership interest" in the Property to Unlock Partnership in exchange for $115,062.00, and she used that money to redeem the Tax Sale Certificate.
7. Sometime thereafter, the Tax Sale Certificate was redeemed.
8. Plaintiff has recently learned that, in late November 2021, non-party investor Unlock Partnership circumvented the Tax Sale Law. Specifically, on November 13, 2021, Unlock Partnership entered into a "Performance Mortgage" and other agreements with Defendant, whereby Unlock Partnership paid Plaintiff $115,062.00 in exchange for "the right to receive an undivided percentage interest . . . of the future value of [Plaintiff's Property]." See Ex. 1 at p. 1 (Performance Mortgage). According to Unlock

Partnership's website, the company is a "real estate investor" that pays homeowners cash in exchange "for the right to share in the proceeds from selling [their] home in the future." See https://www.unlock.com/how-it-works.html (accessed on Mar. 14, 2022). Unlock Partnership does this by (1) putting a lien on the properties in which it invests and (2) requiring homeowners to give Unlock Partnership the contractual right to convert its interest to a fee simple ownership interest equal to its percentage interest in the value of the property.

9. Plaintiff entered into a mortgage transaction with Defendant Unlock. Defendant, Unlock is not licensed to make mortgage loans, or any loans, in New Jersey.

10. Plaintiff was not provided any of the disclosures required by New Jersey or Federal Law for mortgage transactions, she is being charged interest and fees in excess of what is permitted (more than 6%) and has been the victim of the unconscionable business practices of the defendants, where one defendant provided the capital (Unlock) and the other (Clear Edge) provided the means, of depriving plaintiff of her right to property using means and methods contrary to applicable state law.

11. Plaintiff found herself unable to pay her property taxes, and while scrambling to get help and save her home from a tax certificate foreclosure, she fell victim to an unlicensed mortgage lender. Her home is now under threat from a tax certificate foreclosure and unscrupulous lender.

## COUNT 1
## TRUTH IN LENDING ACT

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. The transaction here is subject to the Truth in Lending Act, 15 USC 1601 et. seq., in that the transaction is an extension of credit offered or extended to consumers; the creditor extends credit regularly; the credit is subject to a finance charge or is payable by written agreement in more than four installments; and the credit is primarily for personal, family, or household purposes.

3. The above-mentioned consumer credit transaction was a high rate mortgage within the meaning of HOEPA, 15 U.S.C. § 1602(bb)(1)(B),[1] in that the annual percentage rate at consummation of the

transaction exceeded by more than 8 percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which plaintiff received the application.

4. Upon information and belief, defendant extended credit to consumers under high rate mortgages, as defined by 15 U.S.C. § 1602(aa),[1] based on the consumer's collateral without regard to the consumers' repayment ability, including their current and expected income, current obligations, and employment, in violation of 15 U.S.C. § 1639(h).[2]
5. Plaintiffs believe and therefore aver that Subprime required or induced them to borrow substantially more money than they were seeking, and in an amount beyond their ability to repay, based primarily on Subprime's evaluation of the amount of Plaintiffs' equity in their homes.
6. Because the transaction described herein met the HOEPA definition of a high rate mortgage, the transaction was subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).
7. Subprime did not furnish the required HOEPA disclosures to Plaintiffs three days prior to their settlement.

**WHEREFORE,** plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

## COUNT 2
## NEW JERSEY HOMEOWNERS SECURITY ACT OF 2002

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.
2. The transaction here is subject to the New Jersey Homeowners Security Act of 2002, NJSA 46:10B-22 et. seq...
3. The transaction at issue is a home loan, which is defined in the act as (1) an extension of credit, primarily for personal or household purposes, secured by a mortgage on real estate in this State on which

there is located or to be located a dwelling which will be occupied by the borrower as the borrower's principal dwelling

4. The agreement between the parties violates the status by purporting to charge a fee for payoff information at Exhibit E to the agreement (processing permitted sale) and provides the defendant sole discretion to seize by self-help sole possession of the property after any default. (Section 17.5).
5. The agreement between the parties is a high cost home loan as defined in the act due to the high fees and interest rate.
6. The defendant Unlock failed to comply with the requirements of NJSA 46:10B-26, such as providing mandated notices to the borrower, charging fees in excess of those permitted by the statute and in other ways.

**WHEREFORE,** plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

.

**COUNT 3**
**NEW JERSEY CONSUMER FRAUD ACT**

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.
2. The defendants engaged in an unconscionable business practice, including but not limited to charging improper fees, failure to disclose or accurately represent fees charged the plaintiff and failure to comply with applicable statutes and regulations which led to the loss by plaintiff of an ascertainable loss of money or property.

**WHEREFORE,** plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

**COUNT 4**
**NEW JERSEY TRUTH IN CONSUMER CONTRACT WARRANTY AND NOTICE ACT**

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. The actions of the defendants violated the New Jersey Truth in Consumer Contract Warranty and Notice Act, NJSA 56:12-15, which states:

   No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

3. Plaintiff is an aggrieved consumer within the meaning of the act in that she acted or fore bore from acting or suffered damages due to the representations made to her in the contract, warranty, notice, or sign given or displayed by the defendants

**WHEREFORE,** plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

## COUNT 5
## USURY

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.
2. Defendant Unlock offered and made a loan at an interest rate exceeding that permitted for first lien mortgages in New Jersey.
3. Due to defendant Unlocks actions plaintiff suffered damages.

**WHEREFORE,** plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

## JURY DEMAND

The plaintiff, Angela Roberts, hereby demands trial by jury as to all issues in the above matter.

Respectfully Submitted,

Date: January 11, 2024

**/s/ Edward Hanratty, Esq.**
EDWARD HANRATTY, ESQ.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

Respectfully Submitted,

Date: January 11, 2024

**/s/ Edward Hanratty, Esq.**
EDWARD HANRATTY, ESQ.

## DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, Edward Hanratty, Esq., is hereby designated as trial counsel for the plaintiffs, in the above matter.

Respectfully Submitted,

Date: January 11, 2024

**/s/ Edward Hanratty, Esq.**
EDWARD HANRATTY, ESQ.

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Edward Hanratty, Esq., hereby certify that:

1. I am the attorney for the Plaintiff in the foregoing pleading.
2. To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.
3. All personal identifiers have been removed or omitted form this filing pursuant to the applicable court rule.

I hereby certify that the foregoing statements are true, I acknowledge that if they are willfully false, I am subject to punishment.

Respectfully Submitted,

Date: January 11, 2024

**/s/ Edward Hanratty, Esq.**
EDWARD HANRATTY, ESQ.

# Civil Case Information Statement

## Case Details: BURLINGTON | Civil Part Docket# L-000072-24

**Case Caption:** ROBERTS ANGELA VS UNLOCK PARTNERSHIP S OLUTIONS
**Case Initiation Date:** 01/11/2024
**Attorney Name:** EDWARD GEORGE HANRATTY
**Firm Name:** EDWARD HANRATTY
**Address:** 57 W. MAIN ST 2ND FL, STE 2D FREEHOLD NJ 07728
**Phone:** 7328666655
**Name of Party:** PLAINTIFF : roberts, angela
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** COMPLEX COMMERCIAL
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: angela roberts? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/11/2024
Dated

/s/ EDWARD GEORGE HANRATTY
Signed