**THE LAW OFFICE OF EDWARD HANRATTY**
EDWARD HANRATTY, ESQ. (052151997)
57 WEST MAIN STREET, SUITE 2D
FREEHOLD, NJ 07728
TEL:(732) 866-6655
**ATTORNEY FOR PLAINTIFF, ANGELA ROBERTS**

| | |
|---|---|
| ANGELA ROBERTS<br><br>**PLAINTIFF(S),**<br><br>-AGAINST-<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI INC.; CLEAR EDGE TITLE INC.; ABC INC. 1-10, AND JOHN DOE 1-10<br><br>**DEFENDANT(S).** | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>CASE NO.: 1:24−CV−01374−CPO−AMD<br>JUDGE CHRISTINE P. O'HEARN<br><br><u>**CIVIL ACTION**</u><br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

    Plaintiff, Angela Roberts ("Plaintiff"), by counsel, Edward Hanratty, Esq. bring this complaint against Unlock Partnership Solutions AOI, Inc. ("Unlock"); Clear Edge Title, Inc. ("Clear Edge"); ABC Inc. 1-10, and John Doe 1-10; collectively as ("Defendants"), hereby states as follows:

## PARTIES

1. At all relevant times, Plaintiff, Angela Roberts ("Plaintiff") is the owner of and resident in real property located in Willingboro, New Jersey.

2. Upon information and belief, Defendant, Unlock Partnership Solutions AOI Inc., is a Delaware corporation located at 548 Market St., Suite 31036, San Francisco, CA, 94104.

3. Upon information and belief, Defendant, Clear Edge Title Inc., is a Florida corporation located at 2605 Enterprise Road East, Suite 270, Clearwater, Florida 33750.

4. John Does 1-10 and ABC Inc. 1-10 are fictitious persons or entities that discovery may reveal as having liability in this matter.

## JURISDICTION & VENUE

1. Jurisdiction and venue over this matter is proper in the New Jersey Superior Court, Burlington County, in that all actions complained of occurred in Burlington County, New Jersey, and Plaintiff is and was a New Jersey resident. By virtue of removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the matter was removed to this court.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

1. Plaintiff Angela Roberts has owned the property located at 48 Buckeye Lane, Willingboro, NJ 08046 (the "Property") since 2015 which has a present value of $343,600.

2. In 2016, Plaintiff had no mortgage.

3. The plaintiff in 2016 was unable to pay her property taxes.

4. As a result, Christiana Trust as Custodian GSRAN-Z, LLC purchased the Tax Sale Certificate against the Property, and after the prescribed period of paying taxes pursuant to the statute, commenced a foreclosure proceeding (F-4648-21) and established a redemption value for the tax certificate of $54,062.67.

5. While the tax certificate foreclosure was pending, in an effort to save her home, Plaintiff and Defendant, Unlock Partnership Solutions AO1 Inc. ("Unlock") entered into a series of transactions which she thought would raise the money to save her home.

6. Plaintiff sold an "undivided fee simple ownership interest" in the Property to Unlock Partnership in exchange for $115,062.00, and she used that money to redeem the Tax Sale Certificate.

7. Sometime thereafter, the Tax Sale Certificate was redeemed.

8. On November 13, 2021, Unlock Partnership entered into a "Performance Mortgage" and other agreements with Defendant, whereby Unlock Partnership paid Plaintiff $115,062.00 in exchange for "the right to receive an undivided percentage interest . . . of the future value of [Plaintiff's Property]." See Ex. 1 at p. 1 (Performance Mortgage). According to Unlock Partnership's website, the company is a "real estate investor" that pays homeowners cash in exchange "for the right to share in the proceeds

from selling [their] home in the future." See https://www.unlock.com/how-it-works.html (accessed on Mar. 14, 2022). Unlock Partnership does this by (1) putting a lien on the properties in which it invests and (2) requiring homeowners to give Unlock Partnership the contractual right to convert its interest to a fee simple ownership interest equal to its percentage interest in the value of the property.

9. Plaintiff entered into a mortgage transaction with Defendant Unlock.

10. Defendant, Unlock is not licensed to make mortgage loans, or any loans, in New Jersey.

11. Plaintiff was not provided any of the disclosures required by New Jersey or Federal Law for mortgage transactions, she is being charged interest and fees in excess of what is permitted (more than 6%) and has been the victim of the unconscionable business practices of the defendants, where one defendant provided the capital (Unlock) and the other (ClearEdge) provided the means, of depriving plaintiff of her right to property using means and methods contrary to applicable state law.

12. The plaintiff found herself unable to pay her property taxes, and while scrambling to get help and save her home from a tax certificate foreclosure, she fell victim to an unlicensed mortgage lender.

## THE TRANSACTION FAILED TO COMPLY WITH EXISTING NEW JERSEY LAW

1. In New Jersey, a mortgage is defined as "any loan or line of credit . . . which states a maximum specified principle amount and which is secured by an interest in real property." N.J. S.A. 46:9-8.1. The transaction at issue concerns a definite amount of money advanced to the plaintiff.

2. The transaction is subject to the "New Jersey Residential Mortgage Lending Act." N.J.S.A. 17:11C-51.

3. Defendant Unlock Partnership AOI Inc. ("Unlock"), is a residential mortgage lender as defined at N.J.S.A. 17:11C-53. ("Residential mortgage lender" means any person . . . who should be licensed pursuant to the provisions of this act, who for compensation or gain, or in the expectation of compensation or gain, either directly or indirectly takes a residential mortgage loan application, or offers, negotiates, originates, or acquires residential mortgage loans in the primary market.")

4. The transaction at issue is a "residential mortgage loan" as defined at N.J.S.A. 17:11C-53.("Residential mortgage loan" means any loan primarily for personal, family, or household purposes that is secured by a mortgage, deed of trust, or other equivalent consensual security interest on a dwelling, as defined in section 103(w) of the Truth in Lending Act, Pub.L.90-321 (15 U.S.C. s.1602(w)), or residential real estate upon which is constructed or intended to be constructed a dwelling.").

5. Unlock has engaged in more than two such transactions, in 2021, and in each subsequent year, in New Jersey. **EXHIBIT A**

6. The transaction is described as a "forward sale exchange agreement." **EXHIBIT B.** The summary of the transaction, on the first page of the agreement, states **"THIS IS AN AGREEMENT PURSUANT TO WHICH UNLOCK PROVIDED OWNER A PAYMENT IN EXCHANGE FOR A RIGHT TO RECEIVE A SPECIFIED PERCENTAGE INTEREST IN THE VALUE OF THE OWNER'S HOME UPON THE OCCURENCE OF CERTAIN EVENTS SET FORTH IN THIS EXCHANGE AGREEMENT."**

7. The agreement provides the following:

   a. Plaintiff will receive $115,042.00.

   b. At the occurrence of a "settlement event", defined in the agreement, Unlock has the right to convert its mortgage interest to an undivided fee simple interest.

   c. A settlement event is defined as:

      1. A sale of the premises subject to approval by Unlock;

      2. Paying Unlock to release the mortgage according to a formula described in Section 7 of the agreement, which, in summary, is to pay Unlock the full value of its mortgage on the date of the payment;

      3. Death of the last surviving signatory;

    4. Expiration of the agreement, which means the date on which the obligation matures, in this case, November 12, 2031, which requires full payment under the terms of the agreement.

   d. The agreement permits Unlock to charge the following fees at the inception of the agreement: Origination fee: $3,451.86 and an "Exchange rate" 1.60x (the exchange rate, extrapolated from the documents but not actually explained, is 100% of the funds provided by Unlock to the borrower, plus an additionally fixed percentage of that amount, here 60% (this is described as "The price of your Unlock Agreement.").

9. As part of the agreement, the parties executed a "security instrument" that identifies Unlock as the mortgagee in the transaction, which was recorded as a "performance mortgage" with the county clerk. **EXHIBIT C.**

10. The recorded document states, in pertinent part, "ATTENTION COUNTY CLERK THIS PERFORMANCE MORTGAGE IS A SECURITY AGREEMENT AND FINANCING STATEMENT UNDER THE NEW JERSEY UNIFORM COMMERICAL CODE. PORTIONS OF THE PROPERTY ARE GOODS ARE OR ARE TO BECOME AFFIXED TO OR FIXTURES ON THE LAND." **EXHIBIT C.**

11. Defendant ClearEdge Title ("ClearEdge") acted as an agent for Unlock in consummating the agreement. **EXHIBIT D**

12. ClearEdge accepted a fee and disbursed funds on behalf of Unlock to bind the parties. **EXHIBIT D**

13. Plaintiff suffered actual damages including but not limited to the diminution of the equity in her real estate, and the imposition of improper fees and charges.

## COUNT 1 (as to Unlock)
## TRUTH IN LENDING ACT

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. The transaction here is subject to the Truth in Lending Act, 15 USC 1601 et. seq., in that the transaction is an extension of credit offered or extended to consumers; the creditor extends credit regularly; the credit is subject to a finance charge or is payable by written agreement in more than four installments; and the credit is primarily for personal, family, or household purposes.

3. No mandatory disclosures were provided to the plaintiff prior to the consummation of the loan.

4. The above-mentioned consumer credit transaction was a high-rate mortgage within the meaning of HOEPA, 15 U.S.C. § 1602(bb)(1)(B),[1] in that the annual percentage rate at consummation of the transaction exceeded by more than 8 percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which plaintiff received the application.

5. Upon information and belief, the defendant extended credit to consumers under high-rate mortgages, as defined by 15 U.S.C. § 1602(aa),[1] based on the consumer's collateral without regard to the consumer's repayment ability, including their current and expected income, current obligations, and employment, in violation of 15 U.S.C. § 1639(h).[2]

6. Because the transaction described herein met the HOEPA definition of a high-rate mortgage, the transaction was subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).

7. Defendants did not furnish the required HOEPA disclosures to Plaintiffs three days prior to their settlement.

**WHEREFORE,** plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

<u>**COUNT 2**</u> (as to Unlock)
<u>**NEW JERSEY HOMEOWNERS SECURITY ACT OF 2002**</u>

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. The transaction here is subject to the New Jersey Homeowners Security Act of 2002, NJSA 46:10B-22 et. seq...

3. The transaction at issue is a home loan, which is defined in the act as (1) an extension of credit, primarily for personal or household purposes, secured by a mortgage on real estate in this State on which there is located or to be located a dwelling which will be occupied by the borrower as the borrower's principal dwelling.

4. The agreement between the parties violates the status by purporting to charge a fee for payoff information (processing permitted sale) and provides the defendant sole discretion to seize by self-help sole possession of the property after any default. (Section 17.5).

5. The agreement between the parties is a high cost home loan as defined in the act due to the high fees and interest rate.

6. The defendant Unlock failed to comply with the requirements of NJSA 46:10B-26, such as providing mandated notices to the borrower, charging fees in excess of those permitted by the statute and in other ways.

**WHEREFORE**, the plaintiff asks that this court enter judgment in favor of the plaintiff and against the defendant for damages, costs, attorney fees, and such other relief as is equitable and just.

.

**COUNT 3**
**NEW JERSEY CONSUMER FRAUD ACT** (as to all Defendants)

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. New Jersey Residential Mortgage Lending Act., N.J.S.A. 17:11C-51, requires entities such as Unlock to be licensed to make mortgage loans in New Jersey.

3. Unlock made a loan to the plaintiff, as the plaintiff controlled no contractual right to avoid paying the funds back to Unlock. See Karns Prime & Fancy Food, Ltd. v. Commissioner of Internal Revenue., 494 F.3d. 404 (3rd Cir. 2007) and Moche v. Levy, April 2022, 2016, UNPUBLISHED (App. Div. No. A-5480-13T2.).

4. Unlock secured repayment of that loan with a mortgage. **EXHIBIT C**

5. Unlock was not authorized to make a loan, impose a mortgage, or charge fees, or interest to the plaintiff.

6. The New Jersey Administrative Code prohibits an entity who is licensed or should be licensed under the applicable law from imposing a mortgage that includes claims to personal property. N.J.A.C. 3:15-10.3 ("A mortgage lender shall not require or accept from a borrower as collateral or security for a first mortgage loan household or personal goods, such as furniture, electronic equipment, motor vehicles, appliances, and jewelry."). The mortgage here imposes a lien on personally, describing it as fixtures.

7. The defendants, jointly and severally, violated the applicable section of the New Jersey Residential Mortgage Lending Act, N.J.S.A. 11C-75-25, including, but not limited to:

    a. Assisting Unlock in its unlawful conduct ("c. No person shall assist, or aid or abet a licensee with respect to any licensed activities regulated by this act, unless properly licensed under this act");

    b. Implying that the transaction was lawful and lawfully consummated. ("e. No residential mortgage lender, residential mortgage broker, or mortgage loan originator shall engage in any unfair or deceptive practice toward any person . . ..").

    c. Failing to make required disclosure in connection with the transaction. ("h. No residential mortgage lender, residential mortgage broker, or mortgage loan originator shall fail to make any disclosures concerning a mortgage loan as required by federal and State law, including any order, rule or regulation made or issued pursuant to that law.")

    d. Defendant ClearEdge accepted a fee in return for its assistance in the transaction. ("k(1) No person shall pay or receive any commission, bonus, or fee to or from any person not licensed under this act, or not exempt from licensure pursuant to section 5 of this act, in connection with soliciting, making, brokering, or negotiating any mortgage loan for a borrower.").

    e. Defendant Unlock extracted a fee not permitted by the applicable statute. ("l. No residential mortgage lender, residential mortgage broker, or mortgage loan originator shall charge or exact directly or indirectly from a borrower or any other person any commission, bonus, fee, or charge not authorized by this act.").

8. Defendant Unlock violated the New Jersey Administrative Code by imposing interest over that permitted by law. (N.J.A.C. 3:15-10.1 **(a)** No licensee shall charge an interest rate that is in excess of the rate permitted by N.J.S.A. 2C:21-19.)

9. The defendants engaged in unconscionable business practice, including but not limited to charging improper fees, failure to disclose or accurately represent fees charged the plaintiff and failure to comply with applicable statutes and regulations which led to the loss by plaintiff of an ascertainable loss of money or property.

**WHEREFORE**, plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

## COUNT 4
## NEW JERSEY TRUTH IN CONSUMER CONTRACT WARRANTY AND NOTICE ACT (as to all Defendants)

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. The actions of the defendants violated the New Jersey Truth in Consumer Contract Warranty and Notice Act, NJSA 56:12-15, which states:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

3. Plaintiff is an aggrieved consumer within the meaning of the act in that she acted or forbore from acting or suffered damages due to the representations made to her in the contract, warranty, notice, or sign given or displayed by the defendants.

4. The plaintiff is an aggrieved consumer because she suffered an ascertainable loss of money or property due to the improper terms provided in the contract or notice provided by defendants.

**WHEREFORE**, plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

### COUNT 5
### AIDING AND ABETTING (as to Clear Edge Title Inc.)

1. Plaintiff incorporates by reference each allegation set forth above as if set forth at length herein.

2. Defendant Clear Edge Title Inc. aided Defendant Unlock in engaging in a wrongful act, that injured the plaintiff in the form of deprivation of money and/or diminution of the value of property.

3. Defendant Clear Edge Title Inc. was aware, or reasonably should have been aware, of the nature of the transaction and the damage being done to the plaintiff.

4. Defendant Clear Edge Title Inc. knowingly and willingly assisted Defendant Unlock in consummating the transaction which caused plaintiff's damage.

**WHEREFORE**, plaintiff asks that this court enter judgment in favor of plaintiff and against the defendant for damages, costs, attorney fees and such other relief as is equitable and just.

### JURY DEMAND

The plaintiff, Angela Roberts, hereby demands trial by jury as to all issues in the above matter.

Respectfully Submitted,

Date: March 27, 2024        **/s/ Edward Hanratty, Esq.**
                            EDWARD HANRATTY, ESQ.

### NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

Respectfully Submitted,

Date: March 27, 2024         **/s/ Edward Hanratty, Esq.**
                             EDWARD HANRATTY, ESQ.

### DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, Edward Hanratty, Esq., is hereby designated as trial counsel for the plaintiffs in the above matter.

Respectfully Submitted,

Date: March 27, 2024         **/s/ Edward Hanratty, Esq.**
                             EDWARD HANRATTY, ESQ.

### CERTIFICATION PURSUANT TO R. 4:5-1

I, Edward Hanratty, Esq., hereby certify that:

1. I am the attorney for the Plaintiff in the foregoing pleading.
2. To the best of my knowledge and belief, this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.
3. All personal identifiers have been removed or omitted form this filing pursuant to the applicable court rule.

I hereby certify that the foregoing statements are true, I acknowledge that if they are willfully false, I am subject to punishment.

Respectfully Submitted,

Date: March 27, 2024         **/s/ Edward Hanratty, Esq.**
                             EDWARD HANRATTY, ESQ.