**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANGELA ROBERTS,

Plaintiff,

- against -

UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., CLEAR EDGE TITLE INC., ABC INC 1 – 10, AND JOHN DOE 1-10,

Defendants.

Case No.: 24-cv-01374-CPO-AMD

**DEFENDANT UNLOCK PARTNERSHIP SOLUTIONS AOI MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND TO COMPEL ARBITRATION**

MCGLINCHEY STAFFORD
112 West 34th Street Suite 1515
New York, NY 10120
(646) 362-4048
Jason R. Lipkin
jlipkin@mcglinchey.com
*Attorneys for Defendant*

**INTRODUCTION**

Plaintiff Angela Roberts ("Plaintiff" or "Roberts") filed an Amended Complaint alleging numerous causes of action arising out of a transaction wherein she sold a portion of the equity in her home to Defendant Unlock Partnership Solutions AO1, Inc. ("Defendant" or "Unlock") in or about November 2021. Plaintiff's Complaint is based entirely on a mischaracterization of the underlying transaction - Plaintiff incorrectly alleges that she entered into a "mortgage transaction" with Unlock, when in fact the investment product is not a "loan" but rather an investment in the property secured by a lien that provides security for the homeowner's performance under a Forward Sale and Exchange Agreement. Plaintiff's mischaracterization of the transaction then leads to the following causes of action: 1) violations of the Truth-in-Lending Act ("TILA") 15 U.S.C. 1691, *et seq.*; 2) violations of the New Jersey Homeowners Security Act of 2002, N.J.S.A. 46:10B-22, *et seq.*; 3) violations of the New Jersey Consumer Fraud Act, N.J.S.A. 4:43, *et seq.*; violations of the New Jersey Truth in Consumer Contract Warranty and Notice Act, N.J.S.A. 4:56-12-15; and usury.

In addition to the Complaint's fatal mischaracterization of the transaction as a mortgage loan, the actual contract documents underlying the transaction referenced in the Complaint contain a clear agreement between the parties to resolve all disputes arising thereunder through arbitration. As such, Unlock respectfully requests that this Court dismiss the Complaint without prejudice and compel the Plaintiff to arbitrate any dispute arising under the terms of the agreement executed by the parties.

**INTRODUCTION**

Unlock seeks an Order from this Court compelling Plaintiff to arbitrate her claims against Unlock in accordance with the written arbitration provision included at paragraph 20 of the Forward Sale and Exchange Agreement ("FSEA") and Section 4 Federal Arbitration Act, 9 U.S.C.

§ 1 *et seq*. (the "FAA").[1] The FSEA contains clear and unmistakable language wherein the parties agreed that "any and all controversies, claims, or disputes with beneficiary…arising out of, relating to, or resulting from the Unlock Agreement or the property, shall be subject to binding arbitration…." A copy of the FSEA is annexed to the Affirmation of Jason R. Lipkin (Lipkin Aff.) as Exhibit "B." The FSEA specifically contemplates and states that the arbitration provision in the agreement shall have "its enforcement [] governed by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq." *Id*.

Accordingly, an arbitrator, and not the Court, must determine whether Plaintiff's claims against Unlock fall within the scope of the arbitration provision under the FSEA. In any event, Plaintiff's claims against Unlock fall squarely within the scope of the arbitration provision of the FSEA, and the provision is enforceable under applicable law.

Lastly, there are no federal or state statutes, policies, or other external constraints that render Plaintiff's claims against Unlock non-arbitrable, and Unlock has not waived its right to arbitrate. Accordingly, the Court must grant Unlock's Motion to Dismiss and to Compel Arbitration.

## II. BACKGROUND AND ARBITRATION PROVISION

### A. FACTUAL ALLEGATIONS:

Plaintiff's Complaint alleges that in 2016, she began having issues paying property taxes on her home located at 48 Buckeye Lane, Willingboro, NJ 08046 (the "Property"). Plaintiff further alleges that non-party Christiana Trust as Custodian GSRAN-Z, LLC ("Christiana") then purchased a tax sale certificate and commenced a foreclosure action under Docket BUR-F-4648-

[1] 9 U.S.C. §§ 1–16. As explained below, the FAA governs the enforcement of the Agreement.

21, establishing a redemption value for the tax certificate in the amount of $54,062.67 (the "Foreclosure Action"). Complaint, ¶¶ 3 – 4.

Plaintiff alleges that while the Foreclosure Action was pending, she entered into a series of transactions with Unlock whereby she sold an "undivided fee simple ownership interest" in the Property to Unlock in exchange for $115,062.00, which she then used to redeem the tax sale certificate. *Id.* ¶ 5 – 6. Plaintiff further alleges that she "recently learned" that Unlock allegedly circumvented the Tax Sale Law by entering into the FSEA in November 2021. *Id.* ¶ 7.

Plaintiff alleges that Unlock entered into a "Performance Mortgage" whereby it paid Plaintiff the $115,062.00 in exchange for the "right to receive an undivided percentage interest…of the future value of [Plaintiff's Property.]" *Id.* ¶ 8. Plaintiff alleges that this amounts to a mortgage loan and that Unlock is unlicensed to provide mortgages or loans in New Jersey.

**B. THE FSEA AND THE ARBITRATION PROVISION**

Unlock seeks an Order from this Court compelling Plaintiff to arbitrate her claims against Unlock in accordance with the written arbitration provision included at paragraph 20 of the FSEA and Section 4 Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA"). The Complaint makes clear reference to the FSEA as the contract between the parties at the root of this matter. The FSEA contains clear and unmistakable language wherein the parties agreed to arbitrate any claims or disputes arising out of the transaction. The FSEA states as follows:

> OWNER AGREES THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES WITH BENEFICIARY (INCLUDING ANY AFFILIATE, EMPLOYEE, OFFICER, DIRECTOR OF BENEFICIARY IN THEIR CAPACITY AS SUCH OR OTHERWISE) ARISING OUT OF, RELATING TO, OR RESULTING FROM THE UNLOCK AGREEMENT OR THE PROPERTY, SHALL BE SUBJECT TO BINDING ARBITRATION UNDER THE ARBITRATION RULES OF JAMS, THE RESOLUTION EXPERTS (THE "RULES"), AND, BECAUSE THIS AGREEMENT SUBSTANTIALLY AFFECTS INTERSTATE COMMERCE THE PARTIES AGREE THIS

> AGREEMENT, INCLUDING ITS ENFORCEMENT IS TO BE GOVERNED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 1, ET SEQ. (Emphasis supplied)

The FSEA further provides, at ¶ 20.4, the following language:

> Remedy. EXCEPT AS PROVIDED BY THE RULES AND THE UNLOCK AGREEMENT, ARBITRATION SHALL BE THE SOLE, EXCLUSIVE AND FINAL REMEDY FOR ANY DISPUTE BETWEEN THE OWNER AND BENEFICIARY. REMEDIES THAT WOULD OTHERWISE BE AVAILABLE TO OWNER UNDER APPLICABLE FEDERAL, STATE OR LOCAL LAWS SHALL REMAIN AVAILABLE. THE ARBITRATOR WILL HAVE NO AUTHORITY TO AWARD PUNITIVE DAMAGES OR CONSEQUENTIAL DAMAGES. ACCORDINGLY, EXCEPT AS PROVIDED FOR BY THE RULES AND THE UNLOCK AGREEMENT, NEITHER THE OWNER NOR BENEFICIARY WILL BE PERMITTED TO PURSUE COURT ACTION REGARDING CLAIMS THAT ARE SUBJECT TO ARBITRATION.

## II. ARGUMENT

### A. LAW AND ARGUMENT

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate....' " *John Hancock Mut. Life Ins. Co. v. Olick,* 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts are authorized to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Additionally, under § 3 of the FAA, parties may "apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.' " *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014)

(quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

In determining whether a valid arbitration agreement exists, a court must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Rule 12(b)(6) standard applies when arbitrability is "apparent, based on the face of a complaint, and documents relied upon in the complaint[.]" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). However,

> [w]here the complaint does not establish with clarity that the parties have agreed to arbitrate, or when the party opposing arbitration has come forward with reliable evidence that it did not intend to be bound by an arbitration agreement, a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record.

*Noonan v. Comcast Corp*, Civ. No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) (citations omitted). In such circumstances, "the non-movant must be given a limited opportunity to conduct discovery on the narrow issue of whether an arbitration agreement exists." *Ross v. CACH, LLC*, Civ. No. 14-6321, 2015 WL 1499282, at *2 (D.N.J. Apr. 1, 2015). Afterwards, "the court may entertain a renewed motion to compel arbitration, this time judging the motion under a [Rule 56,] summary judgment standard." *Guidotti*, 716 F.3d at 776.

### B. THE FSEA CONSTITUTES A VALID WRITTEN AGREEMENT TO ARBITRATE

The FAA states that written arbitration agreements entered into in connection with "a contract evidencing a transaction involving commerce…shall be valid, irrevocable, and

enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. When a party seeks to enforce an arbitration agreement, it may request from the court "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. at § 4. Consequently, the FAA grants courts the power to compel arbitration and to stay or dismiss claims subject to a valid arbitration agreement. *Id*. at § 3.

The FAA governs the Agreement which applies to the Plaintiff's claims. The FAA applies to any written arbitration provision in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The reach of the FAA extends to the outermost limits of Congress's constitutional powers under the Commerce Clause. U.S. Const. art. I, § 8, *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995). An arbitration agreement falls under the FAA if it is executed in connection with a transaction that involves interstate commerce in any way, "even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos*., 513 U.S. at 281; see also *Palm Court NH, L.L.C. v. Dowe*, 336 So. 3d 735, 738 (Fla. 4th DCA 2022).

The Agreement in this case is clearly in writing. There can also be no dispute that the FSEA was relied upon in the drafting of the Amended Complaint, as same was annexed as an Exhibit thereto. Further, the FSEA contains a clear and unambiguous arbitration provision entitled "Arbitration." *See, Compl., Ex. B*, ¶ 20. Thus, the Court should apply a Rule 12(b)(6) standard in determining whether a valid arbitration agreement exists. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).

In addition, the transaction in this case "involves interstate commerce" within the meaning of the FAA for several reasons. First, as Plaintiff acknowledges in her Amended Complaint, Plaintiff is a citizen of the State of New Jersey and Unlock is a foreign corporation authorized to conduct business in New Jersey. Second, the Arbitration Provision itself provides that it is

governed exclusively by the FAA. *See Palm Court NH, L.L.C.*, 336 So. 3d at 738 ("the parties clearly contemplated governance by the FAA because the arbitration agreement explicitly stated the FAA applied."). *See, Compl*, Ex. B, ¶20 ("BECAUSE THIS AGREEMENT SUBSTANTIALLY AFFECTS INTERSTATE COMMERCE THE PARTIES AGREE THIS AGREEMENT, INCLUDING ITS ENFORCEMENT IS TO BE GOVERNED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 1 ET SEQ.") The parties' agreement that the FAA controls is binding.[2]

### C. THE CLAIMS IN THE AMENDED COMPLAINT FALL WITHIN THE SCOPE OF THE PARTIES' ARBITRATION AGREEMENT

Once it is established that the parties have entered into an arbitration agreement, the next question is whether the dispute falls within the parties' agreement. *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014). New Jersey courts favor arbitration as a means of resolving disputes, embracing the federal policy preferring this method of alternative dispute resolution. *Curtis v. Cellco Partnership*, 413 N.J. Super. at 34. Because of the favored status afforded to arbitration, "[a]n agreement to arbitrate should be read liberally in favor of arbitration." *Id.*

Arbitration of statutory claims is enforceable when the contract provisions "(1) contain language reflecting a general understanding of the type of claims included in the waiver; or (2) provide that, by signing, the consumer agrees to arbitrate all statutory claims arising out of the

[2] The New Jersey Arbitration Act is nearly identical to the FAA and "enunciates the same policies favoring arbitration." *Arafa v. Health Express Corp.*, 243 N.J. 147, 167 (2020). New Jersey courts have emphasized in the context of consumer contracts that an arbitration clause does not need "to identify the specific constitutional or statutory right" waived as long as "the clause, at least in some general and sufficiently broad way, ... explain[s] that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the dispute." *Atalese v. U.S. Legal Services Group, L.P.*, 219 N.J. 430, 446-47 [2014]. Essentially, by entering into an arbitration agreement, the parties must know they have waived the "time-honored right to sue." *Id.*

relationship, or any claim or dispute based on a federal or state statute." *Id* at 35 – 36 (internal quotations omitted).

Here, the arbitration agreement is valid and binding insofar as it is "sufficiently clear, unambiguously worded, satisfactorily distinguished from the other Agreement terms, and drawn in suitably broad language to provide a consumer with reasonable notice of the requirement to arbitrate all possible claims arising under the contract. *Curtis v. Cellco Partnership*, 413 N.J. Super. 26, 33 (App.Div. 2010). The arbitration agreement is included in a separate header within the FSEA and is the only provision in ALL CAPS. *See, Compl., Ex. B,* ¶ 20. The provision states "THAT ANY AND ALL CONTROVERSIES, CLAIMS, OR DISPUTES… ARISING OUT OF, RELATING TO, OR RESULTING FROM THE UNLOCK AGREEMENT OR THE PROPERTY, SHALL BE SUBJECT TO BINDING ARBITRATION…." *Id.*

The statutory claims asserted in the Amended Complaint all arise out of, relate to or result from the FSEA. Plaintiff's claims assert direct challenges to some of the provisions of the FSEA, including the alleged rate of interest (Count I, ¶4); Count II, ¶5) and Unlock's legal authority to enter into the FSEA by attempting to characterize same as a loan and not an equity sale agreement. *Compl., generally)*. Thus, the claims arise out of, relate to or result from the FSEA and fall within the broad scope of the arbitration provision contained therein.

**CONCLUSION**

For the reasons stated above, it is respectfully submitted that this Court grant Unlock's motion to dismiss the Complaint and compel arbitration as between Plaintiff and Unlock.

McGlinchey Stafford, PLLC

***/s/ Jason R. Lipkin, Esq.***

Jason R. Lipkin
112 West 34th Street, Suite 1515
New York, NY 10120
(646) 362-4048
jlipkin@mcglinchey.com
Attorneys for Defendant Unlock Partnership Solutions AOI