**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANGELA ROBERTS,

Plaintiff,

- against -

UNLOCK PARTNERSHIP SOLUTIONS AO1, INC., CLEAR EDGE TITLE INC., ABC INC 1 – 10, AND JOHN DOE 1-10,

Defendants.

Case No.: 24-cv-01374-CPO-AMD

# DEFENDANT UNLOCK PARTNERSHIP SOLUTIONS AO1 INC.'S RESPONSE TO ORDER TO SHOW CAUSE

Jason R. Lipkin, Esq.
MCGLINCHEY STAFFORD PLLC
112 West 34th Street Suite 1515
New York, NY 10120
(646) 362-4048
jlipkin@mcglinchey.com

Andrew K. Stutzman, Esq.
Christopher A. Reese, Esq.
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000
astutzman@stradley.com
creese@stradley.com

January 8, 2025

*Counsel for Defendant Unlock Partnership Solutions AO1, Inc.*

Defendant Unlock Partnership Solutions AO1, Inc. ("Unlock"), hereby responds to the Court's recent Order (the "Show Cause Order") (ECF No. 52):

**UNLOCK'S RESPONSE TO SHOW CAUSE ORDER**

The Court "questions whether Plaintiff's claims under the Truth in Lending Act ('TILA') are time-barred" and asks Unlock to explain "why Plaintiff's TILA claims should not be dismissed as untimely[.]" Because only a one-year statute of limitations could apply, Plaintiff's TILA claims are untimely. In fact, when given the opportunity, Unlock shall argue that timeliness is one of many reasons why those claims should be dismissed. However, since timeliness is not jurisdictional in nature, Unlock was not required to raise the issue before seeking to compel arbitration.

Before discussing timeliness, Unlock notes that the Forward Sale and Exchange Agreement ("FSEA") at issue here is not subject to TILA because it is not "credit," and thus neither a "mortgage loan" nor a "reverse mortgage," as those terms are defined under TILA. It is an exchange agreement, whereby Plaintiff granted Unlock certain options to claim an interest in a certain parcel of property as an investment in that property's equity. Unlock risks the loss of the capital it advanced and any gains are contingent on the Property's future, albeit speculative, value.

As stated in the Show Cause Order, Unlock has not yet formally challenged Plaintiff's TILA claims as being untimely – though the issue would be dispositive of the only claims that arise under federal law. This is because the Third Circuit has

previously held that TILA's one- and three-year statutes of limitations are not jurisdictional in nature.[1] Therefore, Unlock believed that the issue would be more appropriately raised before an arbitrator,[2] or if the matter proceeds before this Court, as an affirmative defense to Plaintiff's Amended Complaint.[3]

Although the issue may not be jurisdictional, the Court has identified a serious defect in Plaintiff's TILA claims that may warrant some consideration, even though the question currently being asked by the Court is far narrower than that raised in Unlock's motion to compel arbitration. The dispute concerning compelling arbitration would require the Court to consider several questions, including: Is the FSEA a "residential mortgage loan" contract? Is it a "reverse mortgage?" Is it an "option contract" or "investment plan" that is expressly excepted from the provisions of TILA? Is the FSEA's arbitration provision unconscionable? Depending on how the Court answers these questions, it may or may not compel arbitration.

However, the sole question at the core of the timeliness issue would be: Is the FSEA a "high-cost mortgage," as defined by 15 U.S.C. § 1602(bb), for which a

---

1 *See, e.g.*, *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 795 F.3d 380, 400 n. 20 (3d Cir. 2015).

2 As the Court is aware, Unlock seeks to compel arbitration of these claims consistent with a provision in the operative FSEA. *See* Mt. to Compel Arb. (ECF No. 26). Plaintiff does not dispute that she signed the FSEA nor does she dispute that the scope of the FSEA's arbitration provision would cover these claims.

3 "A statute of limitations defense is an affirmative defense . . ." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (citation omitted).

three-year statute of limitations would apply? For several reasons, which Unlock would like to brief for the Court in more detail, the FSEA is not a "high-cost mortgage."[4] If the FSEA is not a "high-cost mortgage," then regardless of whether it is otherwise subject to the TILA, Count 1 must be dismissed as untimely under TILA's one-year statute of limitation. Upon the dismissal of the TILA count – the only count that arises under federal law and grants this Court subject matter jurisdiction – the Court would have discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).[5] Unlock is prepared to present argument on this issue, under a Rule 12(b)(6) standard,[6] so long as it is not deemed to waive its contractual right to compel arbitration.[7]

---

[4] The FSEA is not credit at all. Even if it were, there is no interest, let alone interest at a rate 6.5 percentage points higher than the "average prime offer rate" – particularly at the time of consummation. 15 U.S.C. § 1602(bb)(A)(i)(I). The Consumer Financial Protection Bureau (CFPB) has not even set an "average prime offer rate" for any transaction "comparable" to the FSEA. 15 U.S.C. § (b)(2)(B).

[5] *See, e.g.*, *Kahn v. Am. Heritage Life Ins. Co.*, 324 F. Supp. 2d 652, 657 (E.D. Pa. 2004) (declining to exercise jurisdiction over state law claims after dismissal of sole federal claim).

[6] A statute of limitations defense can be raised in a motion to dismiss if the complaint "shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted).

[7] The strong presumption in favor of arbitration should only be set aside after a significant delay and "extensive discovery" or when a party can show prejudice. *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). In assessing prejudice, the Third Circuit has outlined nonexclusive factors to consider, including "the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926 (3d Cir. 1992). Thus, while filing a motion to dismiss could potentially waive Unlock's right to compel arbitration, this Court has also previously held that "a

## TIMELINESS OF PLAINTIFF'S TILA CLAIMS

As relevant here, TILA sets forth one- and three-year statutes of limitations:

> Except as provided in the subsequent sentence, any action under this section may be brought . . . within one year from the date of the occurrence of the violation . . . Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation.

15 U.S.C. § 1640(e). Plaintiff attempts to invoke the three-year period by alleging that Unlock violated 15 U.S.C. § 1639, which sets forth the requirements for extending a "high-cost mortgage." Specifically, Plaintiff complains that Unlock extended a high-cost mortgage "without regard to the consumer's repayment ability . . . in violation of 15 U.S.C. § 1639(h)" and failed to provide several disclosures required for a high-cost mortgage. Am. Compl. (ECF No. 11) at Count 1, ¶¶ 5-7.

The FSEA cannot be considered a "high-cost mortgage." Unlock is prepared to discuss this issue in more detail if the Court allows it to do so while preserving its right to compel arbitration. However, for the purposes of this response, it is noteworthy that Plaintiff herself concedes that the FSEA is not a "high-cost mortgage" when she has argued that it is a "reverse mortgage."

In her opposition to Unlock's motion to compel arbitration, Plaintiff claims that the agreement is "a reverse mortgage designed to try to evade federal and state

---

single merits-based motion to dismiss d[oes] not waive a right to arbitration." *James v. Global Tel*Link Corp.*, 2016 WL 589676, at *10 (D.N.J. 2016) (citation omitted). Unlock would respectfully request clarification on this issue.

laws protecting homeowners" and that "[n]ow she is trapped in a high-cost reverse mortgage that violates federal and state law . . ." (Opp. (ECF No. 33) at pp. 2-3) . The problem with Plaintiff's argument is that there cannot be a mortgage loan that is both "high-cost" and "reverse." TILA's definition of a "high-cost mortgage" expressly excludes reverse mortgages. *See* 15 U.S.C. § 1602(bb)(1)(A) ("The term 'high-cost mortgage' . . . means a consumer credit transaction that is secured by the consumer's principal dwelling, **other than a reverse mortgage transaction** . . .") (emphasis added). Thus, if this Court agrees with Plaintiff's argument that the FSEA is a reverse mortgage, then Plaintiff cannot have a claim under 15 U.S.C. § 1639, at which point any TILA claim would be subject to a one-year statute of limitation.

To be clear, Unlock maintains that the FSEA is ***neither*** a "residential mortgage loan" nor a "reverse mortgage." By extension, and perhaps a simpler conclusion, the FSEA is certainly not a "high-cost mortgage" as that term is defined by TILA. Thus, even if Plaintiff had sufficiently pled a claim under Count 1, it would be subject to a one-year statute of limitations. As this action was initiated on January 11, 2024, over two years after the FSEA was indisputably signed by Plaintiff on November 13, 2021, Count 1 should be dismissed as time-barred. Consequently, if the Court were willing to consider this narrow inquiry, while preserving Unlock's contractual right to compel arbitration, it is likely that the Court would agree that Plaintiff's TILA claims should be dismissed with prejudice as untimely.

January 8, 2025

**UNLOCK PARTNERSHIP SOLUTIONS AO1 INC.,**
*By Counsel*,

*/s/ Jason R. Lipkin, Esq.*
Jason R. Lipkin, Esquire
MCGLINCHEY STAFFORD PLLC
112 West 34th Street, Suite 1515
New York, NY 10120
T: (646) 362-4048
F: (646) 224-9487
E: jlipkin@mcglinchey.com

Andrew K. Stutzman, Esquire
Christopher A. Reese, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
E: astutzman@stradley.com
creese@stradley.com

*Attorneys for Defendant Unlock Partnership Solutions AO1 Inc.*