UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA ROBERTS, | |
| *Plaintiff,* | Case No.: 24-cv-01374-CPO-AMD |
| -against- | |
| UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., CLEAR EDGE TITLE INC., ABC INC 1-10, AND JOHN DOE 1-10, | |
| *Defendants.* | |

## PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY

The plaintiff, Angela Roberts, submits this notice to inform the Court of an additional recent decision, which reflects a growing consensus among courts addressing hidden mortgage products like Unlock's: *Commonwealth v. Hometap Equity Partners, LLC*, No. 2584-cv-00469-BLS2, 2025 WL 2468564 (Mass. Super. Aug. 21, 2025). This case involved an enforcement action brought by the Attorney General of Massachusetts against Hometap, a company that sells a financial product quite similar to Unlock's. Hometap moved to dismiss, arguing (like Unlock) that its product was not a mortgage loan but rather an "option" for the company to acquire a stake in a person's home. The court rejected that argument and denied the motion.

Hometap's product closely resembles Unlock's. Hometap pays a homeowner an advance called an "Investment Amount" based on a percentage of the value of the

home. *Id.* at \*2. It receives a mortgage on the home as security. *Id.* at \*2–3. Then, within ten years or less, the homeowner must pay the company a much higher percentage of the value of the home than the original percentage loaned, or Hometap acquires that portion of the home's equity and forces the sale of the home to recover that amount. *Id.* at \*3, 5. Hometap's return is capped at an annualized rate of return, which actually functions as a compound interest rate. *Id.* at \*3. That is just how Unlocks' product works. Dkt. 93 at 4–6.

Like Unlock, Hometap argued that its product is not a reverse mortgage or any other kind of loan but rather "an option contract." *Id.* at \*1. The court disagreed. No matter how the company labeled its product, the court explained that under Massachusetts law (like the Truth In Lending Act), "[i]t is the substance of the transaction that governs not the labels" when determining if something is a loan. *Id.* at \*6. And the court noted the long history of courts looking past attempts to hide loans with labels, such as a "purported sale" or an "option." *Id.*

Hometap claimed that its product could not be a loan because Hometap risked losing its advance if the value of the home declined. But the Massachusetts Attorney General, like Ms. Roberts, alleged that "Hometap ensures it will be repaid the Investment Amount because the average home 'would need a realized decline of 25% before Hometap would lose its first dollar of principal.'" *Id.* at \*3; *see also* Dkt. 79 ¶ 58–59 (Unlock would not lose money unless the home dropped in value by 39%). This

structure meant that even in a real estate crash, Hometap would still make money, such that its future payment "is never meaningfully at risk." *Hometap*, 2025 WL 2468564, at *3. As a result, as "[t]he money is either repaid in ten years, with a substantial increase, which the Commonwealth alleges constitutes interest, or Hometap exercises its option and its right to foreclose or force a sale." *Id.* at *6. Either way, Hometap (like Unlock) is paid. Dkt. 93 at 6–7.

The court also noted other differences between Hometap's product and an option. A standard "option to purchase real estate involves the payment of consideration for the option itself *and* then the payment of the agreed-upon purchase price if the option is exercised." *Hometap*, 2025 WL 2468564, at *7 (emphasis added). However, like Unlock, Hometap only makes a payment at the beginning (like a loan) and "not when the option is exercised" (like an option). *Id.*

Just like Unlock, Hometap relied on *Foster v. Equitykey Real Est. Invs. L.P.*, 2017 WL 1862527, at *4 (N.D. Cal. 2017). But the court explained that "[t]he differences are clear" between the product in *Foster* and Hometap's: "In *Foster*, return of any portion of the money was entirely contingent on … the property appreciating in value," which simply is not true of Hometap (or Unlock). *Id.* The court also rejected Hometap's attempt to invoke the same agency commentary on which Unlock relies, 12 C.F.R. § 226, Supplement I, Subpart A, 2(a)(14)(vii), explaining that this was similarly unavailing, because the substance of Hometap's product is a loan. *Id.*

The court also concluded that the Massachusetts Attorney General had sufficiently alleged that Hometap's product was a reverse mortgage under Massachusetts law because it was "a non-recourse cash payment, secured by a mortgage, and any shared appreciation, principal, or interest are due only upon certain circumstances or at the end of a fixed term." *Id.* at *8.

Alongside the decisions cited in Ms. Roberts's prior notice of supplemental authority, *Hometap* reflects a growing consensus of courts that have rejected these companies' attempts to conceal the true nature of their products to evade regulation. *See Olson v. Unison*, 2025 WL 2254522 (9th Cir. Aug. 7, 2025); *In re Stone*, 671 B.R. 752, 756 (Bankr. D. Colo. 2025).[1]

Respectfully submitted,

*s/ Edward Hanratty*
EDWARD HANRATTY
LAW OFFICE OF EDWARD HANRATTY
57 W. Main Street

---

[1] In Unlock's prior response to Ms. Roberts's notice of supplemental authority, it sought to cast doubt on *Olson* because the parties had jointly requested to dismiss the appeal. But this request just reflected that the parties had settled the case after the Ninth Circuit ruled that Unison's product was an illegal hidden mortgage loan. And while the Ninth Circuit granted the parties' request to dismiss the appeal, it did not vacate its prior opinion analyzing Unison's product. *See Navajo Nation v. U.S. Dep't of the Interior*, 907 F.3d 1228, 1229 (9th Cir. 2018) (distinguishing between granting a request to "dismiss" an appeal after a decision and a "request to vacate the … opinion"); *Olson v. Unison*, No. 23-2835, Dkt. 72.1 at 2 (Oct. 17, 2025) (Collins, J., dissenting) (noting the "absence of a request to vacate an opinion" and distinguishing it from a request for dismissal "days before issuance of a mandate," which would result in a distinct mandate or "judgment" (quotation marks omitted)). The Ninth Circuit's decision thus remains on the books.

4

Freehold, NJ 07728
(732) 866-6655
*thanratty@centralnewjerseybankruptcylawyer.com*

THOMAS SCOTT-RAILTON
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
*thomas@guptawessler.com*

November 13, 2025                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States District Court in the Court of New Jersey by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Edward Hanratty*
EDWARD HANRATTY