## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA ROBERTS,<br>　　　　Plaintiff,<br><br>　　- against -<br><br>UNLOCK PARTNERSHIP SOLUTIONS<br>AO1, INC., *et al.*,<br>　　　　Defendants. | Case No.: 24-cv-01374-CPO-AMD |

**RESPONSE TO PLAINTIFF'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Once again, Plaintiff goes too far in her Second Notice of Supplemental Authority (Dkt. No. 100). In an effort to manufacture a "growing consensus among courts" that does not exist, Plaintiff directs the Court's attention to an opinion from three months ago that did not address the federal Truth In Lending Act (TILA) and did not find any home equity investment (HEI), and certainly none offered by Defendant Unlock Partnership Solutions AO1, Inc. ("Unlock"), to be a residential mortgage loan or a reverse mortgage loan.

In *Commonwealth v. Hometap Equity Partners, LLC*, 2025 WL 2468564 (Mass. Super. Aug. 21, 2025), the Commonwealth of Massachusetts brought five claims complaining of unfair and deceptive acts and practices by a company that offered HEIs within the state. In denying the defendant's motion to dismiss, the court merely noted that, accepting as true all allegations and "such inferences as may be

1

drawn [from those allegations] . . . in plaintiff's favor[,]" it was "plausible" that the HEI product at issue was, in substance, a loan. *Id.* at *5. The Massachusetts court did not find that the HEI product was a loan. Nor did it consider how the terms "residential mortgage loan," "consumer credit transaction," or "credit" defined under the TILA, or the term "debt" which is not defined, would apply to the HEI product. Nor did it consider whether the HEI product would qualify as a "loan" under New Jersey law.[1] In all fairness, given the procedural posture, there may not have been an opportunity to engage in that level of analysis. There is here.

In determining whether to grant the pending motion to compel arbitration, Unlock submits that the Forward Sale and Exchange Agreement (the "FSEA") it offered to Plaintiff was not an instrument of "debt" and by extension cannot be considered a form of "credit" or a "residential mortgage loan" or a "reverse mortgage

---

[1] The court's discussion of whether the HEI product could fairly be characterized as an "option" arises from its understanding of Massachusetts law – and appears tenuous at best. For instance, the court recognized that a "home equity sharing agreement" in which a company "paid cash to acquire an option for a future interest in real property" was an "option contract" and "can be valid." 2025 WL 2468564, at *7. However, the court also notes that the "alleged facts would support a conclusion that the arrangement is not a true option but a loan." *Id.* Elsewhere, the court notes that the HEI product was not "a more traditional option contract." *Id.* At no point does the court clearly define what qualifies as a "true option" or "a more traditional option contract" under Massachusetts law; nor does the court explain why those distinctions matter.

If the Court is seeking guidance on whether the HEI contract here constitutes an "option contract," it would need to look to New Jersey law, not the Massachusetts opinion cited by Plaintiff.

2

loan" subject to TILA. In that regard, it is telling that, in the comments to Reg. Z, the Consumer Financial Protection Bureau ("CFPB") expressly observed that "option contracts" and "investment plans in which the party extending capital to the consumer risks the loss of the capital advanced" are "not considered credit." 12 C.F.R. Pt. 1026, Supp. 1, Subpt. A at cmt. 2(a)(14)(1)(vii), (viii). Not only does the FSEA fall outside the definition of "debt" and "credit," but it operates as both an "option contract" and an "investment plan."

Plaintiff desperately wants to present the issues in this case as having been determined previously by other courts. They have not been – at least not in any legal opinion cited by Plaintiff.[2] No matter how many "notices of supplemental authority" Plaintiff may file, she cannot hide that she is asking this Court to be the first to recognize that Unlock's HEI contract (or any HEI contract) is subject to the TILA. For the reasons Unlock has already presented, and will present at oral argument, the FSEA is simply not a loan and cannot be subject to the TILA.

---

[2] Plaintiff's discussion of *Olson v. Unison*, 2025 WL 2254522 (9th Cir. Aug. 7, 2025), continues to be inappropriate and misleading. After Unlock responded to Plaintiff's first Notice of Supplemental Authority, pursuant to a stipulation between the parties, the appeal was "dismissed" before any mandate was issued, meaning that the lower court's judgment in favor of the HEI defendant remains in place. Attached is a copy of that order. Even the dissenting Circuit Judge acknowledged that the Ninth Circuit had discretion to dismiss the appeal and did so.

December 1, 2025

**UNLOCK PARTNERSHIP SOLUTIONS AO1 INC.**,
*By Counsel*,

*/s/ Christopher A. Reese*
Jason R. Lipkin, Esquire
Alexander R. Green, Esquire
   (admitted *pro hac vice*)
MCGLINCHEY STAFFORD PLLC
112 West 34th Street, Suite 1515
New York, NY 10120
T: (646) 362-4048
F: (646) 224-9487
E: jlipkin@mcglinchey.com
agreen@mcglinchey.com


Andrew K. Stutzman, Esquire
Christopher A. Reese, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
E: astutzman@stradley.com
creese@stradley.com

*Attorneys for Defendant Unlock Partnership Solutions AO1 Inc.*

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| CHARLES BOYD OLSON; JANINE OLSON, | No. 23-2835 |
|---|---|
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-01859-RAJ Western District of Washington, Seattle |
| v. | |
| UNISON AGREEMENT CORPORATION, | ORDER |
| Defendant-Appellee, | |

Before: S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.
Dissent by Judge Collins

The parties' "Stipulated Motion to Voluntarily Dismiss Appeal" (Dkt. 71) is GRANTED, and this appeal is DISMISSED. Defendant's Petition for Rehearing and Rehearing En Banc (Dkt. 70) is DENIED AS MOOT. This order serves as the mandate of this court.

COLLINS, Circuit Judge, dissenting:

I dissent from the majority's decision to vacate this court's August 7, 2025 judgment, which reversed the district court's dismissal of this action, and to replace it with a judgment dismissing the appeal, which leaves the district court's judgment in place. Because the alteration of a judicial judgment entered by a panel of Article III judges is not relief that the "circuit clerk" may grant, the parties' joint motion to dismiss this appeal is not governed by Federal Rule of Appellate Procedure 42(b)(1), but by Rule 42(b)(2). *Compare* FED. R. APP. P. 42(b)(1)

(stating that the "*circuit clerk* must dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any court fees that are due" (emphasis added)) *with* FED. R. APP. P. 42(b)(2) (stating that, in all other circumstances, "[a]n appeal *may* be dismissed on the appellant's motion" (emphasis added)).  We therefore have discretion whether to grant or deny the motion for voluntary dismissal, and I would deny the motion.  "[E]ven in the absence of a request to vacate an opinion, granting a motion to dismiss at this stage, days before issuance of a mandate, which would result in a modification or vacatur of our judgment, is neither required nor a proper use of the judicial system." *Cisco Sys., Inc. v. K. Mizra LLC*, 121 F.4th 1310, 1311 (Fed. Cir. 2024) (simplified); *cf. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) ("We hold that mootness by reason of settlement does not justify vacatur of a judgment under review.").  To the extent that the joint motion for voluntary dismissal reflects the parties' settlement of the matter, the parties would have been free, upon remand from our August 7, 2025 judgment, to take steps to dismiss the matter with prejudice in the district court. *Cisco Sys.*, 121 F.4th at 1311.  Granting voluntary dismissal of this "appeal after the appeal has been decided" is thus unwarranted, *Miller v. Anderson*, 268 F.3d 485, 486 (7th Cir. 2001), and the majority points to no authority or reasoning that would justify such an action here.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court in the Court of New Jersey by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Christopher A. Reese*
CHRISTOPHER A. REESE
