Andrew K. Stutzman, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
astutzman@stradley.com

Matthew S. Sheldon, Esq. (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street NW
Washington, D.C. 20036
T: (202) 346-4027
E: MSheldon@goodwinlaw.com

*Attorneys for Defendant, Unlock Partnership Solutions AOI, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., *et al.*,<br><br>Defendants. | Civil Action No.: 1:24-cv-01374-CPO-AMD |

**BRIEF IN SUPPORT OF NOTICE OF WITHDRAWAL OF MOTION TO COMPEL ARBITRATION AND WAIVER OF RIGHT TO ARBITRATION**

Defendant Unlock Partnership Solutions AOI, Inc. ("Unlock") respectfully requests that the Court accept its Notice of Withdrawal of Motion to Compel Arbitration and Waiver of Right to Compel Arbitration (ECF No. 106), and proceed with the litigation. Several reasons support this outcome.

*First*, courts in this Circuit routinely terminate withdrawn motions on the basis that that they are no longer "pending" at the time of withdrawal. *Second*, Unlock expressly waived any contractual right to arbitrate through its formal withdrawal of the motion to compel, rendering the issue of arbitrability moot. *Third*, in the absence of any live dispute or pending motion regarding the arbitrability of Plaintiff's claims, any decision by the Court on the motion to compel arbitration would be an impermissible advisory opinion. Faced with similar questions, courts have declined to offer unnecessary orders, preferring instead to allocate resources to the resolution of live disputes. This Court should do the same: allow Unlock to withdraw its motion and the parties to proceed to the discovery phase of this case.

## I.    PROCEDURAL BACKGROUND

Unlock filed a Motion to Compel Arbitration of this case on May 5, 2025 (ECF No. 85). Plaintiff opposed (ECF No. 93), and the Court heard oral argument on December 4, 2025. After oral argument, but before the Court issued its decision, Unlock filed a Notice of Withdrawal of Motion to Compel Arbitration and Waiver of Right to Compel Arbitration on December 10, 2025 ("Notice of Withdrawal") (ECF No. 106), expressly

waiving its right to arbitration and conceding to the litigation of Plaintiff's claims before the Court.[1] After receiving the Notice of Withdrawal, the Court directed Unlock to submit this brief (ECF Nos. 109, 115).

## II. ARGUMENT: THE COURT SHOULD HONOR UNLOCK'S NOTICE OF WITHDRAWAL.

**Unlock's motion to compel arbitration is no longer pending before the Court.** The result of Unlock filing the Notice of Withdrawal is that the underlying motion to compel arbitration is no longer pending before the Court. In general, motions remain pending until ruled upon, dismissed, or withdrawn. 56 Am. Jur. 2d *Motions, Rules, and Orders* § 31 (2010). "A motion which is withdrawn in the court's presence is no longer pending even in the absence of an entry of [an] order" approving the withdrawal. *Id.* Accordingly, courts in the Third Circuit generally terminate motions withdrawn by the moving party prior to decision. *See, e.g.*, *In re: Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, No. 96-1814(JBS), 2001 WL 1266317, at *1 (D.N.J. Sept. 30, 1997) (stating that the court will not adjudicate claims where the defendant filed a Notice of Withdrawal for its motion for judgment on the pleadings); *In re: S B Bldg. Assocs.*, 621 B.R. 330, 349 n.99, 109 (Bankr. D.N.J. 2020) (terminating motions to dismiss and settlement motions where moving parties filed Notices of Withdrawal); Order of the

---

[1] The Notice of Withdrawal is erroneously referred to as a "Motion to Withdraw to Compel Arbitration and Waiver of Right to Compel Arbitration" on the docket.

Court, *Cochran v. UMH 3 Rivers LLC*, No. 2:21-cv-1271, 579 F. Supp. 3d 732 (W.D. Pa. Sept. 27, 2022) (ECF No. 10) (terminating motion for temporary restraining order and preliminary injunction where moving party filed Notice of Withdrawal); Order, *U.S. v. Mentzer*, No. 09-CV-2065, 2012 WL 1020232 (E.D. Pa. Mar. 27, 2012) (ECF No. 33) (noting that the court terminated plaintiff's motion for default judgement the same day plaintiff filed a Notice of Withdrawal and set aside default judgement that was already entered against defendant in months prior). As a result of the Notice of Withdrawal, Unlock's motion to compel arbitration is no longer pending before this Court, and the motion should remain terminated.[2]

**There is no live dispute regarding arbitrability.** In the absence of a pending motion, there is no live dispute for the Court to resolve regarding arbitrability of Plaintiff's claims against Unlock. The Forward Sale and Exchange Agreement ("FSEA") between Plaintiff and Unlock contains an arbitration provision that states that any dispute between the parties regarding the FSEA is to be resolved exclusively via arbitration. (ECF No. 79, Ex. A, § 20.) However, "[a]s with any contract right, the right to arbitrate may be waived either explicitly or through an implicit course of conduct." *Valli v. Avis Budget Grp. Inc*, No. 24-3025, 2025 WL 3638356, at *5 (3d Cir. Dec. 16, 2025) (internal quotation marks and citations omitted). "In the explicit

---

[2] The Court administratively terminated the motion to compel arbitration on December 12, 2025 (ECF No. 109).

waiver context, a party outright declares that it will forgo arbitration and leaves no doubt as to its intent." *Id.* at *8. New Jersey state courts have also found that parties can explicitly waive arbitration rights by expressing an intent to do so under similar circumstances. *See, e.g.*, *Wein v. Morris*, 944 A.2d 642, 649 (N.J. 2008) (finding that "the parties clearly expressed their desire to waive arbitration" where defendants filed a motion to compel arbitration and withdrew it, and the parties "asserted at the hearing that they wished to waive arbitration"); *Gallardo v. Ginarte*, No. A-2068-23, 2025 WL 870904, at *5 (N.J. Super. App. Div. Mar. 20, 2025) ("When, as here, a party clearly, unequivocally, and decisively expresses the intent to waive a known right, the waiver is binding and enforceable.")

There is no dispute that Unlock explicitly waived its right to arbitrate the parties' dispute regarding the FSEA both by withdrawing the motion to compel arbitration and by stating expressly in the Notice of Withdrawal that it "waive[d] any right to compel arbitration pursuant to the . . . FSEA . . . , which is the subject of this action." (ECF No. 106 at 1.) There is therefore no live dispute between the parties regarding arbitrability. Plaintiff has always opposed arbitration. Unlock now agrees. Both parties seek the same outcome: litigation in this Court.

**A decision on the moot issue of arbitrability would be an impermissible advisory opinion.** Unlock's withdrawal of the motion to compel and waiver of its right to arbitrate *prior to* decision rendered the arbitrability question moot and it deprived the

Court of jurisdiction over the terminated motion to compel and the issues raised therein. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions.") (citation omitted).

Federal courts only have jurisdiction over "cases" and "controversies." *Murthy v. Missouri*, 603 U.S. 43, 56 (2024); U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 2201. "[A] case is moot where there is no conflict between the parties for the court to adjudicate." *Prod. Source Int'l, LLC v. Foremost Signature Ins. Co.*, 195 F. Supp. 3d 660, 664 (D.N.J. 2016). If a case or issue is moot, the dispute presents "no Article III case or controversy, and 'a federal court lacks jurisdiction to hear it.'" *Krys v. Aaron*, 106 F. Supp. 3d 492, 500 (D.N.J. 2015) (quoting *Mollett v. Leicth*, 511 Fed. Appx. 172, 173 (3d Cir. 2013)). "[A] federal court determination of a moot case would constitute an impermissible advisory opinion." *Doris Behr 2012 Irrevocable Tr. v. Johnson & Johnson*, Civ. Action No. 19-8828 (MAS) (LHG), 2022 WL 798334, at *6 (D.N.J. Mar. 15, 2022), *aff'd*, No. 22-1657, 2023 WL 3316329 (3d Cir. May 9, 2023) (internal quotation marks and citation omitted); *see also In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 421 (3d. Cir. 2013) ("Federal courts have no jurisdiction to render advisory opinions."); *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992) ("Article III, section 2 of the United States

Constitution . . . stands as a direct prohibition on the issuance of advisory opinions.").

Here, "the controversy was moot after [Unlock's] withdrawal" of its motion to compel arbitration such that any opinion by the Court on the terminated motion, which seeks to enforce a since-waived right to arbitrate, would constitute an "improper 'advisory' opinion." *Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine*, 606 F.3d 126, 129 (3d Cir. 2010); *New Jersey v. Heldor Indus., Inc.*, 989 F.2d 702, 707 (3d Cir. 1993) (after a party's withdrawal of an objection, "the controversy between the [parties] was moot," such that the Court's "memorandum necessarily became an answer to a question not asked" and "was, therefore, in every sense 'advisory.'").[3] The prohibition against advisory opinions means that the Court "is not permitted" to speculate whether the parties "might be able to arbitrate" their claims where neither Plaintiff nor Unlock seek to do so. *United Gov't Sec. Officers of Am., Int'l Union v. Exelon Nuclear Sec., LLC,* 24 F. Supp. 3d 460, 471 (E.D. Pa. 2014) ("Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by [the Supreme] Court from the beginning.") (internal quotation marks and citation omitted). The Court need not, and should not, render

---

[3] Further, any consideration of potential legal or factual issues *related* to the withdrawn motion to compel would be inappropriate now for the additional reason that those issues have not been fully developed through the discovery.

any decision on the moot issue of arbitrability raised by the withdrawn motion to compel.

### III. CONCLUSION

For the foregoing reasons, Unlock respectfully requests that the Court honor its Notice of Withdrawal and that this matter proceed to discovery.

Respectfully submitted,

Dated: January 16, 2026

By:   */s/ Andrew K. Stutzman*
Andrew K. Stutzman, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
E: astutzman@stradley.com

Matthew S. Sheldon, Esq. (*pro hac vice*)
Goodwin Procter LLP
1900 N Street NW
Washington, D.C. 20036
T: (202) 346-4027
E: MSheldon@goodwinlaw.com

*Attorneys for Defendant, Unlock Partnership Solutions AOI, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court in the Court of New Jersey by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Andrew K. Stutzman*
ANDREW K. STUTZMAN
