Andrew K. Stutzman, Esquire
Christopher A. Reese, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
E: astutzman@stradley.com
E: creese@stradley.com

Matthew S. Sheldon, Esq. (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street NW
Washington, D.C. 20036
T: (202) 346-4027
E: MSheldon@goodwinlaw.com

*Attorneys for Defendant, Unlock Partnership Solutions AOI, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANGELA ROBERTS,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS AOI, INC., *et al.*,<br><br>Defendants. | Civil Action No.: 1:24-cv-01374-CPO-AMD |

# REPLY BRIEF IN FURTHER SUPPORT OF NOTICE OF WITHDRAWAL OF MOTION TO COMPEL ARBITRATION AND WAIVER OF RIGHT TO ARBITRATION

Defendant Unlock Partnership Solutions AOI, Inc. ("Unlock") respectfully submits this Reply in Further Support of its Notice of Withdrawal.[1]

Unlock would like to start by noting that it in no way intended to inconvenience the Court to the extent that very evidently occurred given the Court's comments at the last status conference, the transcript of which the Plaintiff's Opposition[2] quotes from in several places. Unlock viewed withdrawing a disputed motion as something that would help this matter move on to the discovery period, facilitate settlement discussions, and ultimately lead to eventual resolution, through one of those two avenues. This is particularly true given a denial of that motion would have triggered an automatic right of appeal, with the underlying litigation paused for potentially a year or more while the appeal went forward. Unlock appreciates and will be mindful of the Court's statements at the last settlement conference as to alternative steps that could have been taken other than filing to withdraw the motion.

Unlock believes there are two potential paths forward here.

---

[1] Capitalized terms have the same meaning set forth in Unlock's Brief in Support of Notice of Withdrawal of Motion to Compel Arbitration and Waiver of Right to Arbitration (ECF No. 122, "Brief in Support of Notice of Withdrawal").

[2] "Opposition" refers to Plaintiff's Response to Unlock's Notice of Withdrawal of Motion (ECF No. 128).

First, if the Court does not allow the withdrawal, then it will presumably issue a decision on the motion and the case will either be sent to arbitration or move on to an appellate phase. Unlock does not believe this is the correct result because Unlock is not aware of any authority, cited by Plaintiff or otherwise, that indicates that Unlock did not have the right to withdraw its previously pending motion. But, if the Court is determined to rule on the legal issues presented in the motion, then this is the avenue the Court would need to take to avoid an advisory opinion.

Second, and alternatively, Unlock believes the correct result here is that the Court should allow the motion to be withdrawn and then set a schedule for this matter. If Unlock's motion is no longer pending, then there is no vehicle or dispute before this Court for the issuance of any substantive legal decision. It is not the case that this Court will necessarily be called upon to ultimately rule on the various ancillary legal issues Plaintiff raised in response to Unlock's arbitration motion.

This means both that the Court will not necessarily have to decide any of the ancillary legal issues raised in the briefing on the withdrawn motion, and that the Court will *never* have to decide the legal issue actually raised by the motion itself (arbitrability). If a court were to issue a legal opinion where no motion is pending and where the issue will not necessarily need to be resolved, then that would be the definition of an impermissible advisory opinion.

Below, Unlock responds briefly to that authorities cited in the Opposition.

## I. The Opposition's cited cases do not support issuing an advisory opinion under these circumstances.

Plaintiff's request for this Court to issue an advisory opinion on a moot question should be denied. Plaintiff does not dispute that Article III of the United States Constitution limits federal courts to deciding actual "cases" and "controversies." *See Okwuego v. Pope*, 2024 WL 722543, at *1 (3d Cir. Feb. 22, 2024) (internal quotation marks and citations omitted). A court's opinion on a moot issue is an improper decision of an abstract proposition. *Pepper v. Att'y Gen. Pennsylvania*, 2024 WL 5102861, at *2 (3d Cir. Dec. 13, 2024) ("[A] federal court has no authority to give opinions upon moot questions or abstract propositions . . . ." (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Any such opinion would constitute a prohibited "advisory opinion." *Haddonfield Borough Bd. of Educ. v. M.L.*, 2023 WL 2237968, at *4 (D.N.J. Feb. 27, 2023) (O'Hearn, J.) ("This Court is not empowered to answer hypothetical questions, only actual cases and controversies. . . . Advisory opinions are prohibited." (citations omitted)).

There is no pending motion between the parties for the Court to adjudicate. Unlock withdrew its motion to compel arbitration, and thus no party seeks relief from the Court in any pending motion. Plaintiff's attempts to avoid this constitutional limitation fail. Plaintiff's reference to *In re Combustion Engineering,*

*Inc.* (Pl.'s Resp. at 12) is misplaced. In *Combustion Engineering*, the Third Circuit affirmed the bankruptcy court's determination of issues raised in withdrawn objections made by multiple insurers in connection with a plan confirmation because those issues were necessary to confirm the plan, regardless of whether *one* insurer withdrew its objection. There, because *other* insurers had lodged—and maintained—objections, there were thus "live controversies," even though some insurers withdrew the same objections. 391 F.3d 190, 223 (3d Cir. 2004), *as amended* (Feb. 23, 2005).

Plaintiff's reliance on *Already, LLC v. Nike, Inc.* (Pl.'s Resp. at 11) is also misplaced. In *Already*, the Supreme Court addressed whether Nike's voluntary cessation of allegedly wrongful conduct through a covenant not to sue mooted Already's live counterclaim for declaratory judgment that Nike's trademark was invalid. 568 U.S. 85, 92 (2013). The Court applied the (inapplicable here) "formidable burden" test requiring Nike to show "it is absolutely clear the allegedly wrongful behavior [which it voluntarily ceased] could not reasonably be expected to recur." *Id*. But here, even if such a test did apply, Unlock has expressly waived any right to seek arbitration of this case, making it "absolutely clear" that the dispute raised by the withdrawn motion will not "recur" in this case.

Plaintiff does not dispute that the question of arbitrability of this litigation—the issue presented in Unlock's motion to compel—is now moot, forever. Indeed,

Plaintiff concedes in the Opposition that Unlock's "express waiver of any purported right to compel arbitration resolved the forum for this litigation." (Opp. at 9.) Given this, Unlock believes the correct next step is for this case to proceed to the discovery process.

## II. The Opposition points to no authority suggesting that a motion cannot be withdrawn.

It is also clear that Unlock had the right to withdraw the motion and Plaintiff has cited no authority stating otherwise.

Plaintiff's cited cases involve fundamentally different scenarios that are not applicable here. The cases uniformly involve parties attempting to preserve the ability to reassert the same relief again later, which in this case would require Unlock preserving the right to seek to compel arbitration later in this matter. But Unlock has forever waived its ability to compel arbitration here so Plaintiff's cited cases are inapposite.

For example, in *In re White Farm Equipment Co.* (Pl.'s Resp. at 6-7), the bankruptcy court refused withdrawal where plaintiffs sought to avoid an unfavorable ruling with the intention of submitting additional materials in order to obtain the same relief. 23 B.R. 85, 93 (Bankr. N.D. Ohio 1982). Similarly, in *Gray v. Degussa Corp.* (Pl.'s Resp. at 6), the court found impropriety where a plaintiff "attempted to withdraw the motion in order to raise it again later" after "sensing an adverse ruling." 2003 WL 21659450, at *3 (N.D. Ill. July 15, 2003). In *Robinson v. Worthington* (Pl.'s Resp. at 6), the court denied the plaintiff's motion to withdraw his pending motion for voluntary

dismissal of two counts, holding that withdrawal was inappropriate where the motion had been pending for four years and withdrawal would delay resolution of the case and prejudice defendants who had proceeded for years on the assumption that those counts were "deleted." 544 F. Supp. 956, 963–65 (M.D. Ala. 1982). The concerns present in those cases are absent here where Unlock has expressly waived its right to arbitration and cannot raise it again.

*Kachwalla v. Township of Edison* (Pl.'s Resp. at 8) is also distinguishable. That case involved a voluntary dismissal of claims under Federal Rule of Civil Procedure 41(a)(2) following fact discovery, where the court applied factors designed to prevent plaintiffs from obtaining "do-overs" while preserving their ability to refile a complaint. 348 F.R.D. 215, 217–19 (D.N.J. 2024). Finally, Plaintiff's citations to habeas cases such as *U.S. v. Arrendondo-Valenzuela* (Pl.'s Resp. at 7-8), are inapposite because those cases apply statutory restrictions on "second or successive" habeas petitions under 28 U.S.C. § 2255 that have no parallel here. 2011 WL 2489745, at *1 n.2 (D. Kan. June 20, 2011).

Plaintiff cites no case where a court refused to honor a withdrawal accompanied by an express, irrevocable waiver of the underlying relief sought, which is what Unlock did here. Unlock cannot file another motion to compel arbitration or argue at some future date that this case belongs in arbitration. The arbitration issue is resolved permanently. The parties should move forward in the

litigation.

Respectfully submitted,

By: *    /s/ Andrew K. Stutzman*

Dated: February 13, 2026

Andrew K. Stutzman, Esquire
Christopher A. Reese, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
T: (215) 564-8000
F: (215) 564-8120
E: astutzman@stradley.com
E: creese@stradley.com

Matthew S. Sheldon, Esq. (*pro hac vice*)
Goodwin Procter LLP
1900 N Street NW
Washington, D.C. 20036
T: (202) 346-4027
E: MSheldon@goodwinlaw.com

*Attorneys for Defendant, Unlock Partnership Solutions AOI, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court in the Court of New Jersey by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*s/ Andrew K. Stutzman*
ANDREW K. STUTZMAN